UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**************************************************************************

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** * | **CRIMINAL NO. 3:17-CR-00319-02** |
| **VERSUS** * | **CHIEF JUDGE HICKS** |
| **JESSICA N. DAVIS** * | **MAGISTRATE JUDGE HAYES** |

**************************************************************************

## OBJECTION TO REPORT AND RECOMMENDATION

**************************************************************************

**NOW INTO COURT**, through the undersigned counsel, comes Jessica N. Davis, who respectfully submits the following objection to the Magistrate Judge's Report and Recommendation issued on October 23, 2018. [Doc. 82].

### OBJECTION

Defendant respectfully objects to the Magistrate Judge's decision upholding the validity of a state-issued Search Warrant of her cellular telephone which authorized the retrieval of the GPS coordinates from the phone.

For the following reasons, Ms. Davis prays that the Magistrate Judge's Report and Recommendation be rejected and that the Motion to Suppress be granted.

I.     **FACTS:**

On the morning of August 15, 2017, Detective Kwasic Heckard, of the Metro Narcotics Unit of Ouachita Parish, submitted a Search Warrant to Ouachita Parish District Court Judge Larry Jefferson. (Search Warrant, [doc. #56-1]).  The Warrant sought the "GPS coordinates and

registered owner information of cell phone 318-732-0889". Through the use of a Confidential Information, Detective Heckard previously obtained the cell phone number as a phone being used by Ms. Davis. The C.I. further revealed that Davis and her co-defendants were in Houston, Texas, purchasing methamphetamine and would be returned to the Ouachita area later that day. In an effort to locate and arrest Davis upon her return from Houston, Detective Heckard sought and obtained the GPS coordinates from Davis' cell phone.

After the Warrant was signed, Detective Heckard faxed it to Verizon Wireless at a 1-800 number and, thereafter, was able to call Verizon and obtain the GPS coordinates from Davis' phone.

Throughout the day of August 15th, Detective Heckard called Verizon, checking the location of Davis. At 10:43 p.m., upon her return to the Monroe area, Lieutenant Chris Tolbird of the Ouachita Parish Sheriff's Office stopped the Defendants' vehicle for an alleged traffic violation and a subsequent search revealed a quantity of methamphetamine.

II. **LAW AND ANALYSIS:**

Defendant challenges the validity of the Search Warrant on two grounds: (1) the State Court Judge lacked authority to issue a search warrant outside his territorial jurisdiction; and (2) the Search Warrant failed the particularity requirement of the Fourth Amendment.

a. **The State Court Judge lacked authority to issue the Search Warrant.**

The State Court Judge issued the Search Warrant allowing for the search and seizure of information found outside of his territorial jurisdiction. In the Oath in Support of the Search Warrant, Detective Heckard clearly states that Davis was in Houston, Texas, and the GPS coordinates were needed to track her location. After the Warrant was signed, law enforcement did in fact track the location of Davis and her co-defendants while in Houston and upon their

return to the local area. Judge Jefferson lacked the extra-territorial jurisdiction to issue such a Warrant.

*Federal Rule of Criminal Procedure 41(b)(1)* provides "a magistrate judge with authority in the district – of if none is reasonably available, a judge of a state court of record in the district – has authority to issue a warrant to search for and seize a person or property *located within the district*." (Emphasis added). Generally, a warrant will be issued under *Rule 41*, only upon an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he will issue a warrant identifying the property and naming or describing the person or place to be searched. *Rule 41; United States v. McKeever*, 905 F.2d 829 (5th Cir. 1990).

*Louisiana Code of Criminal Procedure Article 161* states:

**Property subject to seizure** -

A. Except as authorized by *Article 163.1*, a judge may issue a warrant authorizing the search for and seizure of anything **within the territorial jurisdiction of the court** which:
(1) Has been the subject of theft.
(2) Is intended for use or has been used as a means of committing an offense.
(3) May constitute evidence tending to prove the commission of an offense.
C. A judge may also issue a search warrant in all other cases specifically provided by law. A justice of the peace may issue a search warrant only in those cases specifically provided by law. *Acts 1993, No. 846, §1; Acts 2005, No. 38, §1; Acts 2011, 1st Ex. Sess., No. 16, §1.*

In the instant matter, the State Search Warrant, issued by an Ouachita Parish District Court Judge authorizing a search of property located outside of Ouachita Parish, fails to comply

with *Federal Rule of Criminal Procedure 41* and *La. C.Cr.P. Art. 163.1,* because the location to be searched was outside the court's jurisdiction.

*Fed. R. Crim. P. Art. 41(b)(4)* is likewise unavailable to save the Warrant because its requirements were not satisfied.

    b. **The State Search Warrant lacked the Particularity Requirement of the Fourth Amendment.**

The *Fourth Amendment* prohibits general warrants authorizing officials to rummage through a person's possessions looking for any evidence of a crime. *United States v. Peden*, 891 F.2d 514 (5th Cir. 1989). A warrant must particularly describe the place to be searched and the person to be seized. *United States v. Beaumont*, 972 F.2d 553 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 1821 (1993). To test whether the particularity requirement is satisfied requires the court to "ask if the description in the warrant would permit an executing officer to reasonably know what items are to be seized." *Id.,* 560. This test for particularity may be made with supporting affidavits, if the warrant expressly refers to the affidavits. *Id*., 560-61. However, in circumstances where detailed particularity is impossible, generic language, if it particularizes the types of items to be seized, would be permissible. *United States v. Webster*, 734 F.2d 1048 (5th Cir. 1984), *cert. denied sub nom*, *Hoskins v. United States*, 469 U.S. 1073 (1984).

In the present case, there is no explanation as to what is being searched. The Search Warrant reads: "there is probable cause to make the search of: GPS coordinates and registered owner information of cell phone number 318-732-0889." "You are hereby authorized to seize and search forthwith the following described: GPS coordinates of cell phone number 318-732-0889." "In connection with said search, you are hereby authorized to seize the following property: GPS coordinates of cell phone number 318-732-0889."

On information and belief, law enforcement was able to track the location of Davis by retrieving data from Verizon Wireless, the service provider of cell phone number 318-732-0889. It is unclear if the GPS coordinates were taken directly from the cell phone or from cell phone towers, directly from Verizon, or by other means. Without this information, it is impossible to know what was searched in order to obtain the GPS coordinates. However, because the Warrant is silent regarding the places to be searched (phone, cell tower, Verizon data records), it lacks the requisite particularity requirement of the Fourth Amendment.

### III.   CONCLUSION:

The United States Supreme Court held that the Government's acquisition of historical cell-site records is a search under the Fourth Amendment. *Carpenter v. U.S.,* 138 S.Ct. 2206 (2018). Therefore, a valid search warrant was required for the retrieval of Davis' cell phone information. Davis submits that the subject Search Warrant was constitutionally defective because the state court judge lacked authority to issue a warrant extending far beyond his jurisdictional territory. Additionally, the Search Warrant failed to particularly describe the place to be searched.

**WHEREFORE**, for all the reasons cited herein, as well as the reasons previously set forth in the Motion to Suppress, Jessica N. Davis respectfully objects to the Magistrate Judge's Report and Recommendation and prays that this Court grant her Motion to Suppress.

        Respectfully submitted,

        GREENWALD LAW FIRM, L.L.C.


BY: /s/ Joseph W. Greenwald, Jr.
   Joseph W. Greenwald, Jr., Bar No. 25402
   7591 Fern Avenue, Suite 1901
   Shreveport, Louisiana 71105
   (318) 219-7867 (Telephone)
   (318) 219-7869 (Fax)
   joey@shreveportlawyer.com

       **ATTORNEY FOR JESSICA N. DAVIS**


### CERTIFICATE

**I HEREBY CERTIFY** that the Objection to Report and Recommendation was filed electronically with the Clerk of Court using the CM/ECF System.  Notice of this filing will be sent to all counsel by operation of the Clerk's electronic filing system.

Shreveport, Louisiana, this 5th day of November, 2018.


      /s/ Joseph W. Greenwald, Jr.
      Joseph W. Greenwald, Jr.