UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00319-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JESSICA N. DAVIS | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

On May 11, 2020, Defendant Jessica N. Davis ("Davis") filed a letter motion (Record Document 145) with the Clerk of Court requesting that she have the time she spent in federal custody between August 17, 2017 to December 10, 2017 credited to the sentence she is currently serving in the Bureau of Prisons ("BOP").

The Court has no authority to grant Davis the relief she requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, she must, first, exhaust her available administrative remedies through the BOP before litigating in federal court. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

In this case, Davis has made no showing that she has exhausted her administrative remedies through the BOP.

Accordingly,

**IT IS ORDERED** that Plaintiffs' letter motion requesting credit for time served (Record Document 145), which this Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to her right to re-file after she has exhausted her administrative remedies with the BOP.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 12th day of May, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT