**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:17-CR-00319-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JESSICA N. DAVIS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reduce Sentence or Compassionate Release [Doc. No. 160] filed by Jessica N. Davis ("Davis") on November 8, 2021. The Government filed a Response to the Motion on November 30, 2021 [Doc. No. 163]. Davis filed a Reply on December 27, 2021 [Doc. No. 166]. For the reasons set forth herein, Davis' Motion for Compassionate Release [Doc. No. 160] is DENIED.

**I. Background**

On April 10, 2019, Davis pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. §§ 841(a)(1) and 846. [PSR, ¶ 4]. A presentence investigation was prepared by the U.S. Probation Office, and her sentencing guidelines yielded a guideline range of 120 to 150 months imprisonment. [PSR, ¶ 46]. The statutory sentencing range was 10 years (120 months) to life imprisonment. [PSR, ¶ 45]. On August 7, 2019, Chief Judge S. Maurice Hicks, Jr. sentenced Davis to 92 months imprisonment, a sentence below the guidelines. [Doc. No. 130]. Her projected release date is June 22, 2024.

In her motion, Davis asserts that she has exhausted available administrative remedies and she provides documentation in support of that assertion. The BOP has confirmed that as of November 23, 2021, the warden at FCI Tallahassee had not made a decision on her request.

Davis does not assert that she herself has a serious medical or physical condition which qualifies her for compassionate release. Rather, she asserts that the extraordinary and compelling reason justifying a reduction in her sentence is her parent's health conditions paired with the fact that her three children are disabled. Davis states that her father was diagnosed with pneumonia and has been "on a ventilator in ICU for almost a month." [Doc. No. 160, p. 5]. Davis states that this leaves her three minor children in the care of her mother who "has only a 7th grade education plus medical conditions of her own." [*Id.*] However, Davis has not provided any documentation demonstrating her father, mother, or children's condition, nor demonstrating her children's need for assistance based on those conditions.

## II. Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under Title 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Davis moves to modify her sentence under 18 U.S.C. § 3852(c)(1)(A). Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed, the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act,

§ 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies. In this case, Davis exhausted her administrative remedies by submitting a proper administrative request for compassionate release to the warden of FCI Tallahassee on July 15, 2021 and not receiving a response within the subsequent 30 days.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

**III. Extraordinary and Compelling Reasons**

The specific policy statement referencing § 3582(c)(1)(A) is U.S.S.G. § 1B1.13, which provides that "[u]pon motion of the Director of the Bureau of Prisons," a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2) and (3).

The § 1B1.13 policy statement also includes commentary specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the

defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The commentary does set forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including the incapacitation of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In *United States v. Shkambi*, 993 F.3d 388, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render §1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord.

*United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The only conceivable "extraordinary and compelling reason" that might apply in this case is "family circumstances."

## IV. Family Circumstances of Defendant

As noted above, the policy statement contained in U.S.S.G. § 1B1.13 cmt. n.1(C) does recognize that family circumstances may give rise to extraordinary and compelling reasons for compassionate release. Specifically, the commentary on the

matter contemplates:

> (C) Family Circumstances
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> U.S.S.G. § 1B1.13 cmt. n.1(C).

At the outset, the Court finds that the existing record is unclear as to whether Davis is even legally entitled to have custody of her children. During the compilation of the PSR, she in 2019 stated that her parents had custody of her three minor children and had previously adopted them several years earlier. [PSR at 11]. From the PSR, it appears that her parents adopted one of her children in 2013 and the other two in 2017. [*Id*.] In her reply, she acknowledges that the children were adopted. [Doc. No. 166, p. 2, "So their adoption was planned."]

Additionally, Davis has not alleged a death or incapacitation of her mother, one of the children's two caretakers. Rather, Davis makes only a general statement that her mother lacks education and has "medical conditions of her own." [Doc. No. 160-2, p. 5]. In her request to the warden, she states that "my parents are senior citizens who are disabled with serious medical conditions." [Doc. No. 160-2, p. 9]. However, she has not articulated what these conditions are with regards to her mother. This does not appear to be an incapacitation as set forth in U.S.S.G. § 1B1.13, which, though not binding, remains persuasive authority. In her reply, Davis does not provide any additional information with regard to her mother's condition.

With regards to her father, although Davis states in her motion that he is on a ventilator with pneumonia, she, has provided no supporting medical records or documentation. In her reply, Davis states that her mother is in the process of bringing medical information as to her father's condition to the clerk's office [Doc. No. 166, p. 1]. Even assuming this medical information is sufficient with regard to her father's alleged medical condition, there is nothing to substantiate her allegations with regard to her mother's condition.

Davis alleges facts that could potentially fall within the scope of the policy statement, but she bears the burden of supporting those allegations with evidence, and she has not done so here. The burden of demonstrating an extraordinary and compelling reason for release is the defendant's. *United States v. Dorsey*, 2021 WL 2593525, at *3 (E.D. La. June 24, 2021).

Davis has not provided anything to confirm that her mother and father are the children's only other caregivers, and that they have both been in fact diagnosed with a medical condition that has incapacitated each of them. Therefore, Davis has not carried her burden of establishing an extraordinary and compelling reason for compassionate release.

**V. Danger to the community**

Additionally, the Court finds that Davis has not demonstrated that release is appropriate in light of the § 3553(a) factors. *See 18 U.S.C. § 3582(c)(1)(A); Shkambi*, 2021 WL 1291609 at, * 3 (noting that one of the requirements for relief the FSA left undisturbed was that the defendant "convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors"); *see also, United States v. Chambliss,* 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court

properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

Even though § 1B1.13(2), which requires the district court to consider the "danger to the safety of any other person or to the community," is no longer binding with respect to a defendant-filed motion in the light of *Shkambi*, as noted above, the policy statement remains persuasive in ruling on such motions, *Thompson*, 984 F.3d at 433. Also, it makes sense that this Court, like the Director of the Bureau of Prisons, would consider the danger posed by the defendant upon release.

Title 18 U.S.C. § 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

Here, Davis has not demonstrated she will not pose a danger to the community if she was released or that her release comports with the applicable § 3553(a) factors. Her underlying conviction and criminal history both indicate she will pose a danger to the community and that she performs poorly under supervision.

According to the PSR, Davis was convicted of a serious drug offense in this matter. She and her coconspirators transported 690.5 grams of methamphetamine from Houston, Texas to sell in the Monroe, Louisiana area. [PSR, ¶7]. She personally called potential customers to let them know they were returning to Monroe with methamphetamine to sell them. [*Id*.]

Further, Davis has a significant criminal history with prior felony convictions for possession of methamphetamine (2014), possession of methamphetamine (2015), and criminal conspiracy to possession of methamphetamine (2016). [PSR, ¶¶ 26, 28, 29]. Additionally, Davis was actually on parole for each of these cases at the time she committed the instant offense. [*Id*.] As a result, she had earned a criminal history category V. [PSR, ¶31].

The Court finds that Davis has not presented extraordinary and compelling reasons justifying her release, and that the relevant § 3553(a) factors weigh against it.

**Conclusion**

For the above and foregoing reasons,

**IT IS ORDERED** that the Motion to Reduce Sentence or Compassionate Release [Doc. No. 160] filed by Jessica N. Davis is **DENIED.**

MONROE, LOUISIANA, this 28th day of December 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE